UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kenneth S. Daywitt, et al., | Case No. 14-cv-4526 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| State of Minnesota, et al., | |
| Defendants. | |

---

This matter is before the Court on Defendants' appeal of United States Magistrate Judge Leo I. Brisbois's March 4, 2016 Order denying Defendants' motion to stay proceedings pending the resolution of the ongoing class action lawsuit in *Karsjens v. Jesson*, No. 11-cv-3659 (DWF/TNL). (Dkt. 92.) Because Defendants failed to demonstrate the specific hardship or inequity they will suffer if this case is not stayed and failed to establish that Plaintiffs will not be prejudiced by a stay, the Court concludes that the magistrate judge's March 4, 2016 Order is neither clearly erroneous nor contrary to law. Accordingly, the magistrate judge's March 4, 2016 Order is affirmed.

## BACKGROUND

### I. Background of Relevant Proceedings in *Karsjens v. Jesson*

Fourteen named plaintiffs, all of whom are individuals civilly committed to the Minnesota Sex Offender Program ("MSOP"), commenced the *Karsjens* case in this district on December 21, 2011. *Karsjens*, No. 11-cv-3659, Dkt. 1. The defendants in *Karsjens* are senior managers of MSOP and employees of the State of Minnesota. On

1

July 24, 2012, the district court certified the *Karsjens* class under Federal Rule of Civil Procedure 23(b)(2), and concluded that "[t]he Class consists of the following: 'All patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat. § 253B." *Karsjens*, No. 11-cv-3659, Dkt. 203 at 11. Thus, both Plaintiffs in this case, Kenneth S. Daywitt and Merel E. Bishop, are members of the *Karsjens* class. Moreover, Daywitt is one of the named plaintiffs in *Karsjens*.

The *Karsjens* Third Amended Complaint ("*Karsjens* Complaint") includes 13 counts. *Karsjens*, No. 11-cv-3659, Dkt. 635 at 59-84. In 2014, the *Karsjens* court bifurcated the claims raised in the *Karsjens* Complaint into separate phases, which the *Karsjens* court described in its November 7, 2014 Final Pretrial Order as follows:

> The first phase of trial ("Phase One") . . . will be comprised of the presentation of evidence and argument on the following issues: (1) whether Minnesota Statute Chapter 253D is unconstitutional on its face and as applied; (2) whether the treatment provided is constitutionally and/or statutorily infirm; (3) whether the treatment program complies with court-ordered treatment; (4) whether confinement is tantamount to unconstitutional punitive detention; and (5) whether less restrictive alternatives to confinement are constitutionally required.
>
> The second phase of trial ("Phase Two") will commence after the conclusion of Phase One on a date to be determined by the Court. Phase Two shall be comprised of the presentation of evidence and argument on the following issues: (1) whether confinement conditions constitute unconstitutional restrictions on freedom of speech, religion, and association; (2) whether confinement procedures constitute unconstitutional searches and seizures; (3) whether the treatment program and its implementation constitutes a breach of contract, tortious interference with contract, and intentional violation of Minnesota Statute Section 253B.03(7).

*Karsjens*, No. 11-cv-3659, Dkt. 647 at 2. In an earlier order, the *Karsjens* court observed that "Phase One will not include inquiry into individual class member cases and,

therefore, will not reach issues of damages or individual injunctive relief." *Karsjens v. Jesson*, No. 11-cv-3659, 2014 WL 4446270, at *1 (D. Minn. Sept. 9, 2014).

In February and March 2015, the *Karsjens* court conducted a six-week Phase One trial "to determine whether it should declare that the Minnesota statutes governing civil commitment and treatment of sex offenders are unconstitutional as written and as applied." *Karsjens v. Jesson*, 109 F. Supp. 3d 1139, 1144 (D. Minn. 2015). In its June 15, 2015 findings of fact, conclusions of law, and order, the *Karsjens* court concluded that "Minnesota's civil commitment statutory scheme is unconstitutional both on its face and as applied," and granted the *Karsjens* plaintiffs' request for declaratory relief with respect to Counts I and II of the *Karsjens* Complaint. *Id.* at 1173, 1178. On October 29, 2015, the *Karsjens* court issued a First Interim Relief Order, enjoining the *Karsjens* defendants. *Karsjens v. Jesson*, No. 11-cv-3659, 2015 WL 6561712 (D. Minn. Oct. 28, 2015). Both of these orders address only Phase One of the *Karsjens* litigation. The *Karsjens* defendants have appealed the Phase One decision to the United States Court of Appeals for the Eighth Circuit, which heard oral argument on April 12, 2016. To the extent that Plaintiffs' claims in this case may be similar to the claims in *Karsjens*, the parties do not dispute that the *Karsjens* court will not reach those issues, if at all, until Phase Two of the *Karsjens* litigation.

The *Karsjens* Complaint does not refer to MSOP Policy 303.020 (Client Hygiene/Dress Code) or its suit coat restriction, which are challenged in this case. However, the *Karsjens* defendants served the following interrogatory on the *Karsjens* plaintiffs during discovery:

> **INTERROGATORY NO. 7:** Identify each and every MSOP policy that you allege violates the Class's constitutional right(s) and describe all facts that relate[ ] to this assertion, including but not limited to, why the specific MSOP policy violates the Class's constitutional right(s).

The *Karsjens* plaintiffs responded to Interrogatory No. 7 in relevant part as follows:

> The policies, conditions of confinement, and general therapeutic environment at the MSOP are overly punitive, and thus, no single policy forms the basis for this claim, but rather the policies and procedures as a whole. Policies apply to all Plaintiffs and Class members. . . . Specific policies, which Plaintiffs claim are unconstitutional based on the above facts include, but are not limited to:
>
> . . .
>
> Client Hygiene/Dress Code (303.020)
>
> This policy is unconstitutional because it violates each Class member's First Amendment rights by limiting religious expression. This policy is also unconstitutional as it relates to each Class member because it is impermissibly punitive and it is not narrowly tailored to the purpose of providing sex offender treatment. It is applied in a blanket manner to each Class member with no consideration of the needs of each Class member. This policy is unconstitutional both as an individual policy and in conjunction with the other policies identified herein.

In addition to MSOP Policy 303.020, the *Karsjens* plaintiffs identified 42 other specific MSOP policies in response to Interrogatory No. 7.

On August 20, 2015, Chief Judge John R. Tunheim issued a Third Amended Order in *Karsjens* providing that "[a]ll current and future civil rights cases brought by an individual or group of individuals who has or have been civilly committed to the [MSOP] that are sufficiently related to *Karsjens* . . . are hereby **STAYED** in all respects, pending the litigation in *Karsjens*, or until further order of the Court stating otherwise." *Karsjens*, No. 11-cv-3659, Dkt. 1011 at 23. On April 14, 2016, Chief Judge Tunheim issued an

4

order in *Karsjens* lifting the previously imposed stays in several matters notwithstanding the continuing litigation in *Karsjens*, observing that, "because it is unclear at this juncture whether or when a Phase II trial in *Karsjens* might occur, any similarity between the above-entitled cases and *Karsjens* and the possibility of inconsistent rulings is outweighed by the prejudice to the Plaintiffs in the above-entitled matters of continuing to stay these cases pending subsequent litigation in *Karsjens*." *Karsjens*, No. 11-cv-3659, Dkt. 1064 at 6-7.

## II.  Relevant Background in this Case

Plaintiffs commenced this case on October 28, 2014 and filed a First Amended Complaint ("Complaint") on February 10, 2015, which remains the operative complaint. (Dkt. 25.) Plaintiffs are individuals civilly committed to MSOP, and their Complaint alleges multiple claims against Defendants State of Minnesota, Minnesota Department of Human Services ("DHS"), MSOP, and eight employees of MSOP and the State of Minnesota in their individual and official capacities.[1] The Complaint alleges that Defendants have violated and continue to violate Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, and that Defendants have

---

[1]   On July 17, 2015, the Court granted Plaintiffs' motion to voluntarily dismiss nine of the original seventeen individual defendants. The eight remaining individual defendants in this case are Emily Johnson Piper (Commissioner of DHS, automatically substituted for Lucinda Jesson pursuant to Fed. R. Civ. P. 25(d)); Nancy Johnston (Executive Director of MSOP); Kevin Moser (Director of MSOP); and Ann Zimmerman (Security Director of MSOP), all of whom also are defendants in *Karsjens*, as well as four individuals who are not named as defendants in *Karsjens*: Troy Basaraba (Security Program Manager of MSOP); Scott Benoit (Complex One Program Manager of MSOP); Sara Kulas (Unit 1E Unit Director of MSOP); and Brian Ninneman (Unit 1D Unit Director of MSOP).

interfered and continue to interfere with Plaintiffs' religious rights, in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*. The particular policy challenged in this case is MSOP Policy 303.020, which provides, in relevant part:

> Clients may not wear clothing in a manner possibly causing them to be mistaken for any MSOP employee. This includes, but is not limited to: neckties, blazers, sport coats or suits (unless prior written approval is obtained via Client Request for use strictly during a court appearance, legal proceedings (such as special review board hearing or supreme court appeals panel hearing), a funeral visit, a memorial service, a graduation ceremony, an approved special event or a visit in the MSOP facility visiting room).

Defendants moved, in the alternative, to dismiss the Complaint or to stay the case. On July 6, 2015, the Court dismissed Plaintiffs' Complaint in part, and the following claims survived:

> 1. . . . Count 2's Section 1983 free exercise claim as alleged against Defendants [Johnson Piper], Johnston, and Moser in their official capacities, to the extent Plaintiffs seek injunctive and/or declaratory relief arising from Policy 303.020's suit coat prohibition.
>
> 2. . . . Count 4 [Plaintiffs' RLUIPA claims] as alleged against the State entity Defendants and the individual Defendants in their official capacities, to the extent Plaintiffs seek injunctive and/or declaratory relief arising from Policy 303.020's suit coat prohibition.

In addition, on mootness grounds, the magistrate judge denied Defendants' alternative motion to stay, concluding that the motion to stay was specifically based on MSOP's yarmulke prohibition that was no longer in effect.

On January 7, 2016, Defendants again moved to stay proceedings. In support of their motion, Defendants asserted that Plaintiffs' remaining claims "arise from a common set of facts" to those advanced in *Karsjens*, and that this case overlaps with *Karsjens* in

the following respects: (1) the *Karsjens* plaintiffs allege that various state employees, including four of the individual Defendants in this case, have violated the First and Fourteenth Amendments to the United States Constitution; (2) the *Karsjens* plaintiffs allege that MSOP's policies violate the class members' rights to religious freedom; and (3) the *Karsjens* plaintiffs have "endorsed their litigation" as a broad religious freedom claim based on MSOP Policy 303.020 by signing an interrogatory response in *Karsjens* that identifies MSOP Policy 303.020's suit coat prohibition as being a part of the *Karsjens* First Amendment claim.

Magistrate Judge Brisbois held a hearing on Defendants' motion on February 16, 2016. In a March 4, 2016 Order, the magistrate judge denied Defendants' motion to stay for several reasons. First, the magistrate judge concluded that Defendants failed to demonstrate that this case is sufficiently related to *Karsjens* to warrant a stay, because the religious freedom claims in this case are more specific than the religious freedom claims in *Karsjens*. Second, the magistrate judge concluded that denying Defendants' motion to stay will not lead to inconsistent holdings of law because this case likely will be resolved before the religious freedom claims in *Karsjens* are resolved in Phase Two of *Karsjens*, and because it is unlikely that a holding in favor of the *Karsjens* class members will result in the specific relief sought by Plaintiffs in this case. Third, the magistrate judge concluded that Defendants failed to satisfy their burden to demonstrate both that they would suffer hardship if this case proceeds and that Plaintiffs would not be prejudiced by a stay. Specifically, the magistrate judge observed that Defendants failed to address these

hardship and prejudice factors either in their written submissions or during oral argument at the motion hearing. This appeal followed.

## ANALYSIS

A district court must consider timely objections to a magistrate judge's ruling on a nondispositive pretrial matter, and must modify or set aside any part of the magistrate judge's ruling that is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2009); Fed. R. Civ. P. 72(a); LR 72.2(a); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The district court also may review any matter decided by the magistrate judge to which no party objected. LR 72.2(a)(3). A magistrate judge's ruling is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted). When reviewing an appeal of a magistrate judge's order on a nondispositive issue, the district court's standard of review is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008).

It is well-established that " 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254

8

(1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Factors relevant to the district court's consideration when determining whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and the important interest of providing for the just determination of cases pending before the court. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964-65 (D. Minn. 1998).

Although a district court's discretion to stay proceedings is broad, " '[t]he proponent of a stay bears the burden of establishing its need.' " *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (quoting *Clinton*, 520 U.S. at 708). Traditionally, the proponent has the burden of demonstrating "specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring) (citing *Landis*, 299 U.S. at 254-56). This burden is a heavy one, and a presumption favors the party opposing a stay. *Id.* at 1365. "Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the competing interests and maintain an even balance, recognizing that the Supreme Court has counseled moderation" in the use of stays. *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 890 (D. Minn. 2015) (internal quotation marks omitted).

In addition to the foregoing legal standards, the Court is mindful of the stay orders described above that have been issued in *Karsjens*. *See, e.g., Karsjens*, No. 11-cv-3659, Dkt. 1011 at 23. This case, however, has never been stayed and none of the *Karsjens*

stay orders has ever been filed in this case.[2]  Notwithstanding the generalized stay orders issued in *Karsjens*, the Court has an independent duty to determine whether a stay is warranted *in this case* by applying the governing law to the facts presented here.

Defendants argue that the magistrate judge's March 4, 2016 Order should be reversed because it is clearly erroneous and contrary to law in two ways:  (1) it misconstrues the breadth of the claims in *Karsjens* with respect to whether the cases are sufficiently related, and (2) it misinterprets the legal effect of the Federal Rule of Civil Procedure 23(b)(2) class certification in *Karsjens* with respect to the likelihood of inconsistent holdings.  Notably, the magistrate judge relied on two additional important bases to deny Defendants' motion to stay, which Defendants do not address on appeal.  Specifically, the magistrate judge concluded that Defendants failed to satisfy their burden to demonstrate that they would suffer hardship if this case proceeded and failed to establish that Plaintiffs would not be prejudiced by a stay.  This Court agrees.

Defendants have failed to address *any* specific hardship or inequity that they will suffer absent a stay, or how Plaintiffs would not be prejudiced by a stay.  Aside from vague and conclusory statements regarding the possibility of an inconsistent result, Defendants have made no effort—either before the magistrate judge or in their appeal to this Court—to acknowledge that it is their burden to establish these facts, let alone to present evidence or argument to satisfy that burden.  Even when referring to possible

---

[2]  The Third Amended Order in *Karsjens* directed the Clerk of the United States District Court for the District of Minnesota to file a copy of the *Karsjens* stay order in any related case that is stayed by operation of the *Karsjens* stay order.  *See Karsjens*, No. 11-cv-3659, Dkt. 1011 at 23.

inconsistent results, Defendants have neither identified a single example of an inconsistent result that could occur if this case proceeds nor explained how such a result would harm them.  The Court holds every party to its legal burden, whether that party is pro se or a sophisticated government actor.  The Court will not engage in speculation on a point that is Defendants' burden to establish.  In sum, the Court will neither assume Defendants' burden can be met nor will it carry Defendants' burden for them.

Accordingly, the Court concludes that the magistrate judge did not clearly err or render a decision contrary to law when he denied Defendants' motion because Defendants failed to satisfy their burden to demonstrate the specific hardship or inequity they will suffer if this case is not stayed and because Defendants failed to establish that Plaintiffs will not be prejudiced by a stay.  As this aspect of the magistrate judge's March 4, 2016 order is an independently sufficient basis to affirm the denial of Defendants' motion to stay, the Court need not and, therefore, declines to address the merits of Defendants' other arguments.

## ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the magistrate judge's March 4, 2016 Order denying Defendants' motion to stay, (Dkt. 92), is **AFFIRMED**.


Dated:  May 24, 2016                                                              s/Wilhelmina M. Wright
                                                                                                  Wilhelmina M. Wright
                                                                                                  United States District Judge